■ In the Matter of Costco Wholesale Corporation, Petitioner, v New York State Division of Human Rights et al., Respondents. [10 NYS3d 228]—

Determination of respondent New York State Division of Human Rights, dated August 14, 2013, which, after a hearing, found that petitioner violated the State Human Rights Law (Executive Law § 296) and ordered it to pay $40,000 in civil fines and penalties, unanimously annulled, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Doris Ling-Cohan, J.], entered Dec. 4, 2013), granted.

The determination sustaining charges that petitioner violated Executive Law § 296 (15) and article 23-A of the Correction Law is not supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The evidence did not show that petitioner's online employment application system automatically disqualified applicants with a prior criminal conviction. Rather, the evidence revealed that the only automatic disqualifiers concerned answers to questions about legal documentation to work in the United States, willingness to undergo a criminal background check and employment reference check, willingness to submit to a drug test, whether the applicant is able to perform the essential functions of the job, and whether the applicant is 18 years of age or older.

The evidence further established that the answer to the prior conviction question was specifically not an automatic bar to employment, as stated in the application itself. This is further corroborated by the fact that the complainant's application was designated as "pre-screened" indicating that it had passed through the online portion of the hiring process and was not marked ineligible. There is no evidence that petitioner's grading criteria for applicants with convictions was used in connection with the online application. Instead, the evidence showed that this nonmandatory guideline was used only when an applicant had reached the background check stage of the hiring process.

The evidence also does not support a conclusion that applicants moved to the "pool" were inaccessible to local managers for consideration. Such applicants were available for consideration by the local managers in the entire region should they be looking to hire additional employees. The fact that none of the 13 applicants with convictions (out of 625 total) advanced in the hiring process does not establish that there was an illegal automatic disqualifier. Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.